# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| BGCA IP SUPPORT, CO., BOYS & GIRLS CLUBS OF AMERICA, INC. <br><br> Plaintiff <br><br> <br> BOYS' CLUB AND GIRLS' CLUB OF BRIDGEPORT D/B/A JEROME ORCUTT BOYS & GIRLS CLUB OF BRIDGEPORT D/B/A ORCUTT BOYS & GIRLS CLUB OF BRIDGEPORT D/B/A ORCUTT BOYS & GIRLS CLUB <br><br> Defendant. | ) ) ) ) ) ) ) CIVIL ACTION NO. ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

COMES NOW Plaintiffs, BGCA IP Support, Co. ("BGCA IP") and Boys & Girls Clubs of America, Inc. ("BGCA") (collectively, "Plaintiffs" or "BGCA Parties"), by and through the undersigned counsel, and hereby state the following claims for federal trademark infringement and dilution against Defendant Boys' Club and Girls' Club of Bridgeport d/b/a Jerome Orcutt Boys & Girls Club of Bridgeport and/or d/b/a Orcutt Boys & Girls Club of Bridgeport and/or d/b/a Orcutt Boys & Girls Club ("Defendant"), stating as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and Unfair Competition arising under Section 32 of the Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. § 1114, and trademark dilution arising under Section 43 of the Lanham Act, as amended, 15 U.S.C. § 1125, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b(a).

**PARTIES, JURISDICTION, AND VENUE**

2. BGCA IP is a national corporation organized under the laws of Delaware, with its principal place of business at 1275 Peachtree Street NE, Atlanta, Georgia 30309.

3. BGCA is a national corporation organized under the laws of the District of Columbia, with its principal place of business at 1275 Peachtree Street NE, Atlanta, Georgia 30309.

4. Defendant is a corporation organized under the laws of the State of Connecticut. Defendant's principal place of business is 102 Park Street, Bridgeport, Connecticut and does business as Jerome Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club ("Defendant").

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331, 1332(a), 1338(a), and 1367as it involves a Federal Question under the Lanham Act, there is diversity jurisdiction because the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties.

6. This Court has supplemental jurisdiction and venue is proper over the Connecticut state law claim pursuant to 28 U.S.C. §1367(a) in this complaint because the claim is so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. This Court has personal jurisdiction over Defendant, as it resides and conducts business in this District.

8. Venue is proper in this Court pursuant to 28 USC § 1391 because Defendant resides in this District, a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District, and Defendant is subject to personal jurisdiction in this

District.

## FACTUAL BACKGROUND

### *The BGCA Parties and the Boys & Girls Clubs Name and Mark*

9. For more than 150 years, BGCA and its corporate predecessors in interest have operated as a national tax-exempt, non-profit organization that provides resources and support to local Boys & Girls Club affiliates. Over 1,000 affiliate member organizations operate over 5,200 Club locations.

10. BGCA was founded in 1906 when several local Boys Clubs (now Boys & Girls Clubs) decided to affiliate as the Federated Boys Clubs.

11. In 1931, the Federated Boys Clubs became Boys Clubs of America.

12. In 1956, the United States Congress chartered Boys Clubs of America as a federally chartered corporation under 36 U.S.C. § 31101.

13. In 1991, Congress amended the congressional charter to change the name of the organization from Boys Clubs of America to Boys & Girls Clubs of America.

14. BGCA is 501(c)(3) non-profit primarily funded by federal government grants, corporate sponsorships, and private donations.

15. BGCA IP currently owns, and licenses to BGCA, the registered trade name and trademark BOYS & GIRLS CLUBS. This mark has been registered since October 23, 1990, with the U.S. Patent and Trademark Office ("USPTO") as Registration Number 1619224. BGCA operates under the trade name and trademark.

16. BGCA until the early 1990s, owned and operated under the registered trade name and trademark BOYS CLUBS. This mark has been registered since August 15, 1961, with USPTO as Registration Number 720143. BGCA IP is the current owner by assignment of the

BOYS CLUBS Registration.

17. The BOYS CLUBS and BOYS & GIRLS CLUBS names and/or marks have been used in conjunction with BGCA's services, programs, marketing and advertising, fundraising, and development from 1931 until the present day.  As a result, BGCA has built a substantial reputation and goodwill in the BOYS CLUBS (both under the common law and registered mark) and BOYS & GIRLS CLUBS names and marks.

18. As reflected in its governing documents, BGCA grants member organizations the right to use and operate under the mark BOYS & GIRLS CLUB(S) (prior to 1990, BCA granted member organizations the right to use and operate under the BOYS CLUB mark). Use of the BOYS & GIRLS CLUB mark by a member organization identifies its affiliation with BGCA and only member organizations may identify themselves as Boys & Girls Clubs.

19. In exchange for the right to use the BOYS & GIRLS CLUB(S) mark and other privileges of membership, member organizations assume the obligation to fully comply with all BGCA requirements for membership and operating standards.

20. Through the use of the BOYS CLUB and BOYS & GIRLS CLUBS name and marks, which are famous marks, BGCA has become nationally recognized among youth organizations in the non-profit arena and in local communities as a top provider of youth programming and services.

*Defendant's Operations and Plaintiffs' Prior*
*Assertion of Trademark Infringement*

21. At some point prior to 1965, Defendant received a charter from BGCA to operate as a Boys & Girls Club member organization under the name Bridgeport Boys' Clubs. Defendant eventually began operating under the name Boys & Girls Clubs of Bridgeport.

22. Until 2016, Defendant operated its youth programs and services in Bridgeport,

Connecticut under the BOYS CLUBS mark and name and then under the BOYS & GIRLS CLUBS mark and name as a member organization of BGCA.

23. During 2016, BGCA determined that Defendant could no longer satisfy BGCA's membership requirements.

24. Accordingly, by letter dated December 20, 2016, BGCA informed Defendant that BGCA was terminating Defendant's membership in BGCA and revoking its charter rights, including use of the BOYS & GIRLS CLUB(S) names and marks. BGCA thereby demanded that Defendant: (1) discontinue and remove any use of the BOYS & GIRLS CLUB(S) name and/or the service mark, including from all corporate listings or registrations, signage and other postings on facilities, properties, and websites and all items bearing the BOYS & GIRLS CLUB(S) name and/or service mark, including stationery items, business cards, brochures, flyers, posters, or printed materials.

25. In or around summer of 2017, BGCA's General Counsel learned that Defendant was still using the BOYS & GIRLS CLUB name and the BGCA trademarked clasped hands logo (Reg. No. 2295142).

26. On August 31, 2017, BGCA's General Counsel sent a cease and desist letter demanding that Defendant cease and desist all use of the BOYS & GIRLS CLUBS name, mark, and other BGCA intellectual property.

27. BGCA's General Counsel sent a second cease and desist letter on November 28, 2017, demanding that Defendant cease and desist all use of the "Boys & Girls Club" name and mark, as such misuse was likely to create confusion as to whether Defendant was still affiliated with BGCA.

28. Following the second demand letter, BGCA understood Defendant had ceased

operation.

29.     Sometime in the summer of 2018, BGCA's General Counsel learned that Defendant had resumed operation using the BOYS & GIRLS CLUB name. BGCA's General Counsel sent a new cease and desist letter on July 2, 2018, again demanding that Defendant cease and desist all use of the "Boys & Girls Club" name.

30.     Receiving no response from Mr. Keeley following the July 2, 2018 demand letters, BGCA attempted to reach numerous purported members of Defendant's board of directors through 2019. On July 20, 2020, the Connecticut Post published an article reflecting BGCA's objection to Defendant's resumed use of the Boys & Girls Club name and intent to file an infringement claim against Defendant.

31.     Around that time, the Office of the Attorney General of Connecticut disclosed to BGCA that it was investigating Defendant and requested that BGCA refrain from any legal action against Defendant during the pendency of the investigation. BGCA refrained from filing a trademark infringement action at that time.

32.     Defendant's former chairman of the board told BGCA that Defendant would no longer use the Boys & Girls Club name.

33.     In fall of 2021, Defendant again ceased operations. BGCA considered the infringement issue moot.

34.     In fall of 2022, BGCA learned that Defendant had again resumed operations and its use of BGCA-owned trademarks without permission.

35.     In October 2022, BGCA confirmed to the Bridgeport Mayor and City Council by letter that Defendant has not been affiliated with BGCA since 2016 and that Defendant has used BGCA's intellectual property intermittently over BGCA's objection since that time.

36. On October 17, 2022, BGCA again demanded that Defendant cease and desist its use of BGCA's name and mark.

37. In or around October or November 2022, the Connecticut Office of Early Childhood inquired as to Defendant's affiliation with BGCA because Defendant was pursuing exemption from childcare licensing by misrepresenting its status as an affiliated Boys & Girls Club.

38. On November 9, 2022, BGCA confirmed to the Connecticut Office of Early Childhood by letter that Defendant has not been affiliated with BCGA since 2016 and that Defendant has used BGCA's intellectual property intermittently over BGCA's objection since that time.

39. Despite BGCA's continuous efforts, Defendant continues to improperly and without authorization use and operate with the BOYS & GIRLS CLUB marks.

40. For all these reasons and others to be shown, Defendant's operation under, and through the use of, the marks "Jerome Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club" has caused and is likely to continue causing confusion, mistake, and/or deception in violation of 15 U.S.C. §§ 1114 and 1125.

41. Defendant's operation under, and through the use of, the names "Jerome Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club" has caused and is likely to continue causing tarnishment and dilution of the BGCA Parties' famous trademarks in violation of 15 U.S.C. § 1125.

## COUNT I

### TRADEMARK INFRINGEMENT OF BOYS & GIRLS CLUBS REGISTERED MARK UNDER 15 U.S.C. § 1114

42. Plaintiffs repeat and reallege the preceding paragraphs as though fully set forth herein.

43. Plaintiffs and their predecessors in interest have used Plaintiffs' federally registered BOYS CLUB and BOYS & GIRLS CLUBS marks and related names in commerce in connection with its programming, services, marketing, and advertising since on or about 1931.

44. Defendant has both actual and constructive knowledge of Plaintiffs' ownership of, and rights in, Plaintiffs' federally registered names and marks prior to Defendant's infringement of the name and mark.

45. Nonetheless, without Plaintiffs' permission or authorization, Defendant has adopted and continues to use in commerce a name that is identical or confusingly similar to Plaintiffs' federally registered mark and name in the same channel of commerce in which Plaintiffs' services are offered. Defendant's use has been willful and deliberate, designed specifically to trade upon Plaintiffs' goodwill, with full knowledge of Plaintiffs' superior rights, and with full knowledge that its infringing use of Plaintiffs' name and mark would cause confusion, mistake and/or deception.

46. Defendant's acts are likely to cause or have caused confusion, mistake, or deception among the public as to Defendant's affiliation, origin, connection or association with Plaintiffs and thus, constitute trademark infringement of Plaintiffs' BOYS & GIRLS CLUBS name and mark in violation of the Federal Trademark Act of 1946, specifically 15 U.S.C.§ 1114.

47. Defendant's acts of infringement have caused Plaintiffs damage, including the continuing loss of the goodwill and reputation established by Plaintiff in its federally registered

name and mark.

48. Accordingly, Plaintiffs have suffered and will continue to suffer irreparable harm if Defendant's trademark infringement is permitted to continue.

49. Plaintiffs are entitled to all available remedies under 15 U.S.C. §§ 1114, 1116, 1117, 1118, and 1125, including preliminary and permanent injunctive relief; damages sustained by Plaintiff; Defendant's profits, costs, attorney's fees, destruction of all packaging, literature, advertising and any other material bearing the name "Boys & Girls Club" and/or any variants thereof (or similar wording); and other equitable relief.

50. This is an exceptional case under 15 U.S.C. § 1117 entitling Plaintiffs to reasonable attorney fees and expenses, as Defendant's actions constitute knowing, deliberate, and willful infringement of Plaintiffs' federally registered mark and name.

## COUNT II

### FEDERAL UNFAIR COMPETITION
### (PASSING OFF) UNDER 15 U.S.C. § 1125

51. Plaintiffs repeat and reallege the preceding paragraphs as though fully set forth herein.

52. Defendant's willful adoption and continued use in commerce of a mark and name that is identical or confusingly similar to Plaintiffs' federally registered marks and name in the same channel of commerce in which Plaintiffs' services are offered were done so as to pass off its own services as those of Plaintiffs and constitute unfair competition under 15 U.S.C. § 1125.

53. Defendant's acts of unfair competition have caused Plaintiff damage, including the continuing loss of the goodwill and reputation established by Plaintiffs in the federally registered name and mark.

54. Accordingly, Plaintiffs have suffered and will continue to suffer irreparable harm

if Defendant's trademark infringement is permitted to continue.

55. Plaintiffs are entitled to all available remedies under 15 U.S.C. §§ 1114, 1116, 1117, 1118, and 1125, including preliminary and permanent injunctive relief; damages sustained by Plaintiff; Defendant's profits, costs; attorney's fees, destruction of all packaging, literature, advertising and any other material bearing the name "Boys & Girls Club" and/or any variants thereof (or similar wording); and other equitable relief.

## COUNT III

### TRADEMARK DILUTION OF BOYS & GIRLS CLUBS REGISTERED MARK UNDER 15 U.S.C. § 1125

56. Plaintiffs repeat and reallege the preceding paragraphs as though fully set forth herein.

57. The BOYS CLUB and BOYS & GIRLS CLUBS and BOYS CLUB name and marks are famous and distinctive and are entitled to protection against dilution.

58. Without Plaintiffs' permission, and notwithstanding the revocation of its right to use the BOYS & GIRLS CLUBS name and mark, Defendant continues to use the BOYS & GIRLS CLUBS name and mark in commerce after the BOYS & GIRLS CLUBS name and mark became famous and distinctive. Defendant's use of the name "Jerome Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club" in connection with the provision of its programs and services, marketing, advertising, and fundraising has tarnished and/or diluted the distinctive nature of Plaintiffs' famous marks BOYS CLUB and BOYS & GIRLS CLUB.

59. Defendant's use of "Jerome Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club" has harmed the distinctiveness of Plaintiffs' famous mark because it becomes or is likely to become associated

with a similar mark or trade name. Defendant's use weakens the consumer's perception that the famous marks are connected to the Plaintiffs' goods or services.

60. Defendant's use of "Jerome Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club" has harmed the Plaintiffs' famous mark's reputation because Defendant is connected to inferior services.

61. Accordingly, Plaintiff has suffered and will continue to surer irreparable harm if Defendant's trademark dilution is permitted to continue.

62. Plaintiffs are entitled to all available remedies under 15 U.S.C. §§ 1114, 1116, 1117, 1118, and 1125, including preliminary and permanent injunctive relief; damages sustained by Plaintiff; Defendant's profits, costs; attorney's fees, destruction of all packaging, literature, advertising and any other material bearing the name "Boys & Girls Club" and/or any variants thereof (or similar wording); and other equitable relief.

63. This is an exceptional case under 15 U.S.C. § 1117 entitling Plaintiff to reasonable attorney fees and expenses, as Defendant's actions constitute knowing, deliberate, and willful dilution of Plaintiffs' federally registered mark and name.

## COUNT IV

### VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT ("CUTPA") Conn. Gen. Stat. § 42-110b

64. Plaintiffs incorporate and restate the preceding paragraphs as if each had been fully set forth herein.

65. Defendant's foregoing acts and practices were done in conduct of Defendant's primary trade and commerce of its services.

66. Defendant's foregoing acts and practices constitute unfair competition and unfair and deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b(a).

67. At all times relevant hereto, Defendant's acts and practices offended public policy; were immoral, oppressive, unethical, and unscrupulous; and/or caused substantial injury to consumers, competitors, and other business persons.

68. Defendant's conduct as described herein was carried out in an intentional and wanton violation of Plaintiffs' rights or was done with reckless indifference to those rights.

69. Accordingly, Plaintiffs have suffered and will continue to suffer irreparable harm if Defendant's trademark infringement is permitted to continue.

70. Plaintiffs are entitled to all available remedies under Conn. Gen. Stat. § 42-110b(g) including punitive damages, preliminary and permanent injunctive relief; damages sustained by Plaintiffs; Defendant's profits, costs; attorney's fees, destruction of all packaging, literature, advertising and any other material bearing the name "Boys & Girls Club" and/or any variants thereof (or similar wording); and other equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

1. A temporary, preliminary, and permanent injunction directing and restraining Defendant's, its officers, agents, servants, employees, attorneys, parents, subsidiaries, and other persons in active concert or participation with Defendant from:

   (a) using in any manner the BOYS & GIRLS CLUB Mark, or any term confusingly similar thereto, including, but not limited to "Jerome Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club";

   (b) using in any manner the BOYS & GIRLS CLUB Mark alone or in combination with any other word or design, or any term confusingly similar thereto;

   (c) committing any acts calculated to cause consumers or clientele to believe that any products or services sold, licensed, or offered by Defendants are sponsored by, approved by, connected with,

        supported by, guaranteed by, sold by, or offered by BGCA or are under the control or supervision of BGCA; or

    (d)  unfairly competing with Plaintiffs in any manner.

  2.  An order requiring Defendant to delete all references to the BOYS & GIRLS CLUB Mark, including, but not limited to "Jerome Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club of Bridgeport and/or Orcutt Boys & Girls Club" as well as any other confusingly similar variations thereof, alone or in combination with any other words or designs, from any signs, labels, prints, packages, wrappers, receptacles, or other written or electronic materials in their possession, custody or control, from any advertising materials or marketing presentations, and from its Internet website;

  3.  An order requiring Defendant, within thirty (30) days after entry of judgment, to file with this Court and to serve upon BGCA a written report, under oath, setting forth in detail the manner in which Defendant has complied with the preceding paragraphs;

  4.  An order assessing damages in an amount to be determined at trial;

  5  An order finding that Defendant's trademark infringement, unfair competition and dilution and are willful;

  6.  An order finding Defendant's acts be deemed "exceptional," and that Plaintiff be awarded all reasonable attorneys' fees and costs to which it is entitled, under 15 U.S.C. § 1117.

  7.  An award of treble damages pursuant to 15 U.S.C. § 1117(a);

  8.  An award of punitive damages in an amount to be determined by the Court pursuant to Conn. Gen. Stat. § 42-110b(g);

  9.  An award of cost and attorney's fees as permitted by law, including pursuant to 15 U.S.C. § 1117 and/or Conn. Gen. Stat. § 42-110b(g);

10. An award of prejudgment interest; and

11. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues triable to a jury in this matter.

Dated: March 1, 2024

/s/ Michael J. Rye_____
Michael J. Rye (ct18354)
Cantor Colburn LLP
20 Church Street, 22nd Floor
Hartford, CT 06103-3207
Tel: (860) 286-2929
Fax: (860) 286-0115
MRye@CantorColburn.com

Attorney(s) for Plaintiffs,
BGCA IP SUPPORT, CO., BOYS & GIRLS CLUBS OF AMERICA, INC.